# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLE COX, et al., <br><br> Plaintiff, <br><br> v. <br><br> RELIANCE STANDARD LIFE INSURANCE COMPANY, et al., <br><br> Defendants. | Case No.: 1:13-cv-00104 - AWI- JLT <br><br> ORDER GRANTING PETITIONS TO APPOINT NICOLE COX AS GUARDIAN AD LITEM FOR MINOR PLAINTIFFS M.E., J.E., and K.C. <br><br> (Docs. 30, 31, and 32) |

Nicole Cox seeks appointment as the guardian ad litem for plaintiffs M.E., J.E., and K.C., who are minors. (Docs. 30, 31, 32). For the following reasons, the petitions for the appointment of a guardian ad litem are **GRANTED**.

**I.      Legal Standard**

Pursuant to the Federal Rules of Civil Procedure, "[a] minor . . . who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem." Fed. R. Civ. P. 17(c)(2). In addition, a court "must appoint a guardian ad litem - or issue another appropriate order - to protect a minor or incompetent person who is unrepresented in an action." *Id*.

The capacity of an individual to sue is determined "by the law of the individual's domicile." Fed. R. Civ. P. 17(b). Here, Plaintiffs reside in Kern County, California (Doc. 11 at 2), and the law of the state governs. Under California law, an individual under the age of eighteen is a minor, and a minor

may bring suit as long as a guardian conducts the proceedings. Cal. Fam. Code §§ 6502, 6601. A guardian ad litem may be appointed to represent the minor's interests. Cal. Code Civ. P. § 372(a).

In determining whether to appoint a particular guardian ad litem, the court must consider whether the minor and the guardian have divergent interests. Cal. Code Civ. P. § 372(b)(1). "When there is a potential conflict between a perceived parental responsibility and an obligation to assist the court in achieving a just and speedy determination of the action, a court has the right to select a guardian ad litem who is not a parent if that guardian would best protect the child's interests." *Williams v. Super. Ct.*, 147 Cal. App. 4th 36, 38 (Cal. Ct. App. 4th 2007) (internal quotation marks and citation omitted). "[I]f the parent has an actual or potential conflict of interest with his child, the parent has no right to control or influence the child's litigation." *Id.* at 50. The decision whether to appoint a guardian ad litem is "normally left to the sound discretion of the trial court." *United States v. 30.64 Acres of Land, etc.*, 795 F.2d 796, 804 (9th Cir. 1986).

## II.     Discussion

Plaintiff K.C. is six years old (Doc. 31 at 2), Plaintiff M.E. is five years old (Doc. 32 at 2), and Plaintiff J.E. is three years old (Doc. 30 at 2). Each of Plaintiffs are the children of Nicole Cox. Because they are under the age of eighteen, K.C., M.E., and J.E. are minors pursuant to California law. *See* Cal. Fam. Code § 6502. Thus, their ability to bring suit is contingent upon a guardian ad litem.

Upon review of the First Amended Complaint, it does not appear there are adverse interests between Ms. Cox and the minor plaintiffs. The only claim in this action is for review of the decision to deny benefits under the decedent's insurance. Therefore, it is appropriate for Ms. Cox to be appointed guardian ad litem for K.C., M.E., and J.E.. *See Burke v. Smith*, 252 F.3d 1260, 1264 (11th Cir. 2001) ("Generally, when a minor is represented by a parent who is a party to the lawsuit and who has the same interests as the child there is no inherent conflict of interest."); *see also Anthem Life Ins. Co. v. Olguin*, 2007 U.S. Dist. LEXIS 37669 at *7 (E.D. Cal. May 9, 2007) (observing "[a] parent is generally appointed guardian ad litem").

## III.    Conclusion and Order

The decision whether to appoint a guardian ad litem is "normally left to the sound discretion of the trial court." *United States v. 30.64 Acres of Land, etc.*, 795 F.2d 796, 804 (9th Cir. 1986). In this

case, it does not appear Ms. Cox has interests that conflict with the interest of her children.  Therefore, the Court is acting within its discretion to grant the petitions.

Accordingly, **IT IS HEREBY ORDERED**:

1. The petition for appointment of Nicole Cox as guardian ad litem for Plaintiff J.E. (Doc. 30) is **GRANTED**;
2. The petition for appointment of Nicole Cox as guardian ad litem for Plaintiff K.C. (Doc. 31) is **GRANTED**;
3. The petition for appointment of Nicole Cox as guardian ad litem for Plaintiff M.E. (Doc. 32) is **GRANTED**; and
4. Nicole Cox is appointed to act as guardian ad litem for Plaintiffs J.E., K.C., and M.E., and is authorized to prosecute this action on their behalf.

IT IS SO ORDERED.

Dated:   **August 30, 2013**              **/s/ Jennifer L. Thurston**
                                          UNITED STATES MAGISTRATE JUDGE