UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLE COX, MILES EDWARDS, A MINOR, JAXDEN EDWARDS, A MINOR, AND KAYDEN COX, A MINOR, BY THEIR GUARDIAN AD LITEM, NICOLE COX AS ADMINISTRATOR OF THE ESTATE OF STEVEN MILES EDWARDS, DECEDENT,<br><br>Plaintiffs,<br><br>v.<br><br>RELIANCE STANDARD LIFE INSURANCE COMPANY, a Pennsylvania corporation; LKQ CORPORATION, a California Corporation; DOES 1-10, inclusive,<br><br>Defendants. | CASE NO. 1:13-CV-00104-AWI-JLT<br><br>**ORDER GRANTING DEFENDANT LKQ CORPORATION'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)**<br><br>**ORDER DISMISSING COMPLAINT AGAINST LKQ WITH PREJUDICE**<br><br>**ORDER REFERRING CASE TO THE MAGISTRATE JUDGE FOR A STATUS CONFERENCE WITH THE REMAINING DEFENDANT**<br><br>(Doc. 43) |

## I. INTRODUCTION

Defendant LKQ Corporation ("LKQ") has filed a motion to dismiss Plaintiffs' Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, LKQ's motion is GRANTED and Plaintiffs' Second Amended Complaint against LKQ is DISMISSED with PREJUDICE.

## II. BACKGROUND

On November 8, 2012, Nicole Cox, Miles Edwards, Jaxden Edwards, and Kyden Cox (collectively "Plaintiffs") filed claims alleging breach of contract and breach of the duty of good

faith and fair dealing in the California Superior Court against Reliance Standard Life Insurance Company ("Reliance"). Plaintiffs assert that Decedent Steven Miles Edwards ("Decedent") registered to obtain life insurance coverage provided by Reliance through Decedent's employer, LKQ. Plaintiffs allege Reliance did not make all required life insurance benefits payments upon Decedent's death, in breach of contract. On January 22, 2013, Reliance removed the action to federal court, contending that Plaintiffs' state law claims were barred by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA").

On May 16, 2013, this Court granted Reliance's motion to dismiss Plaintiffs' initial complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on the basis that ERISA preempted Plaintiffs' state law claims for breach of contract and breach of the duty of good faith and fair dealing. Plaintiffs were granted leave to file an amended complaint that pled a cause of action under ERISA.

On June 14, 2013, Plaintiffs timely filed their First Amended Complaint, which asserted a claim against Reliance under ERISA, 29 U.S.C. section 1132(a)(1)(B), and sought recovery of $110,000 in unpaid life insurance benefits, attorneys' fees, and interest. On July 16, 2013, pursuant to a joint stipulation by Plaintiffs and Reliance, this Court granted Plaintiffs leave to file a Second Amended Complaint ("SAC") and excused Reliance from answering the First Amended Complaint.

On July 17, 2013, Plaintiffs filed their SAC. The SAC added LKQ as a defendant to the lawsuit and added a second claim for relief, breach of fiduciary duty under ERISA section 1132(a)(3). Reliance filed its answer to Plaintiffs' SAC on July 30, 2013. On September 6, 2013, pursuant to Federal Rule of Civil Procedure 12(b)(6), LKQ filed a motion to dismiss Plaintiffs' SAC. LKQ asserts in its motion to dismiss that it is not a proper defendant for Plaintiffs' section 1132(a)(1)(B) claim, that Plaintiffs' section 1132(a)(1)(B) and 1132(a)(3) claims are impermissibly duplicative, and that LKQ is not a proper defendant to Plaintiffs' section 1132(a)(3) claim because LKQ does not qualify as an ERISA fiduciary.

### III. LEGAL STANDARD

A complaint must contain a short and plain statement showing that the pleader is entitled to

1  relief. Fed. R. Civ. P. 8(a)(2). A court must take a complaint's allegations of material fact as true
2  and construe them in the light most favorable to the nonmoving party. *Id.* A party may move to
3  dismiss based on the failure to state a claim upon which relief may be granted. *See* Fed. R. Civ. P.
4  12(b)(6). A motion to dismiss based on Rule 12(b)(6) challenges the legal sufficiency of the
5  claims alleged. *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).

6  In making a 12(b)(6) determination, district courts follow a two-step approach. *Bell Atl.
7  Corp. v. Twombly*, 550 U.S. 544, 564–70 (2009). First, district courts should carefully examine the
8  complaint to weed out any "merely legal conclusions resting on the prior allegations." *Twombly*,
9  550 U.S. at 564. "Conclusory" allegations are entitled to no weight in the 12(b)(6) calculus.
10 *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). Second, district courts should weigh the remaining
11 facts and determine if they are sufficient to "nudge the claims across the line from conceivable to
12 plausible." *Twombly*, 550 U.S. at 570. While a complaint "need not contain detailed factual
13 allegations, it must plead enough facts to state a claim of relief that is plausible on its face."
14 *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).

15 Plausibility can be met even if a judge disbelieves a complaint's factual allegations. *Iqbal*,
16 556 U.S. at 696 (stating that "no matter how skeptical the court may be […] Rule 12(b)(6) does
17 not countenance […] dismissals based on a judge's disbelief of a complaint's factual allegations.")
18 (internal citation and quotation marks omitted). "A claim has facial plausibility," and thus survives
19 a motion to dismiss, "when the plaintiff pleads factual content that allows the court to draw the
20 reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at
21 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than
22 sheer possibility that a defendant acted unlawfully." *Id.* A Rule 12(b)(6) analysis is "not whether a
23 plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support
24 the claims" advanced in his or her complaint. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).
25 Allegations that are merely conclusory, unwarranted deductions of fact, unreasonable inferences,
26 or allegations that contradict exhibits attached to the complaint do not meet the plausibility
27 standard and need not be accepted as true. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998
28 (9th Cir. 2010).

1    Generally, courts "may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion [but may] consider materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 998–99 (9th Cir. 2011) (internal citation and quotation marks omitted). On a motion to dismiss, "these documents are part of the complaint and may be considered in determining whether the plaintiff can prove any set of facts in support of the claim." *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).

## IV. DISCUSSION

**A. Plaintiffs' First Claim for Relief – Recovery of Benefits under 29 U.S.C. § 1132(a)(1)(B)**

LKQ contends it is not a proper defendant to Plaintiffs' First Claim for Relief under 29 U.S.C. § 1132(a)(1)(B) because Plaintiffs fail to allege that LKQ had discretionary authority to resolve Plaintiffs' life insurance benefits claim or had discretionary responsibility to pay out a benefits claim under the policy. The Court agrees.

Section 1132(a)(1)(B) states that an ERISA plan participant may bring a civil action "to recover benefits due him under the terms of the plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Plaintiffs' First Claim for Relief seeks recovery of $110,000 in unpaid supplemental life insurance benefits, attorney's fees, and interest under section 1132(a)(1)(B).

The proper defendant to a section 1132(a)(1)(B) claim is the party with authority to resolve benefit claims or responsibility to pay them. *Cyr v. Reliance Standard Life Ins. Co.*, 642 F.3d 1202, 1206–07 (9th Cir. 2011) (holding the proper defendant to a section 1132(a)(1)(B) claim was an entity with authority to resolve benefit claims or responsibility to pay them, rather than a plan administrator who lacked such authority) (en banc); *Cox v. Allin Corp. Plan*, 2013 WL 1832647, at *4 (N.D. Cal. 2013) (dismissing the plaintiff's 1132(a)(1)(B) claim when the plaintiff failed to allege any facts establishing that the defendants had "any authority or obligation to resolve or pay Plaintiff's benefit claims"); *Anderson v. Sun Life Assur. Co. of Canada*, 2013 WL 6076547, at *11–12 (D. Ariz. 2013) (holding that an entity without authority to resolve benefit claims or any responsibility to pay them was not a proper defendant to an action to recover benefits under section 1132(a)(1)(B)).

Plaintiffs rely on *Gaines v. Sargent Fletcher, Inc.*, 329 F. Supp. 2d 1198 (C.D. Cal. 2004), for the proposition that an employer who is a sponsor and administrator of an ERISA plan is a proper defendant to a claim under section 1132(a)(1)(B), and therefore LKQ is a proper defendant to Plaintiffs' First Claim for Relief. *See* Plaintiffs' Oppo. at 8–10. Plaintiffs, however, misunderstand the thrust of *Gaines*. In finding that an employer who was the named ERISA plan administrator was a proper defendant, the *Gaines* court relied on the fact that the "employer [was] responsible for making any employee or benefit changes" and had "full and sole discretionary authority to, among other things, modify the plan." *Gaines*, 329 F. Supp. 2d at 1204–05, 1215. The Ninth Circuit clarified the relevant standard in *Cyr* and holds that the proper defendant to a section 1132(a)(1)(B) claim is the entity with authority to resolve a benefits claim or responsibility to pay a legitimate benefits claim. *Cyr*, 642 F.3d at 1206–07. The Ninth Circuit in Cyr explained that a complaint against a named plan administrator who lacked such authority must be dismissed. *Id.* Accordingly, a proper defendant to a section 1132(a)(1)(B) claim is the party with discretionary authority to resolve or pay a benefits claim.

Here, Plaintiffs allege that "LKQ Corporation is and at all times relevant was the sponsor for the [life insurance] Plan" and "acted as an ERISA fiduciary of the Plan" SAC ¶8. Despite these conclusory allegations, Plaintiffs' pleadings show that LKQ lacked the authority to resolve Plaintiffs' benefit claims. Indeed, Plaintiffs allege that Reliance "is and at all relevant times was the claims administrator for supplemental life insurance benefits" who "acted as an ERISA 'claims review fiduciary'" SAC ¶ 6. Exhibit 1. Plaintiffs declare in paragraph 6 of their SAC to be a "true and correct copy" of the life insurance policy issued by Reliance to Decedent, and it states:

> Reliance Standard Life Insurance Company shall serve as the claims review fiduciary with respect to the insurance policy and the Plan. The claims review fiduciary has the discretionary authority to interpret the Plan and the insurance policy and to determine eligibility for benefits. Decisions by the claims review fiduciary shall be complete, final and binding on all parties.

SAC Exhibit 1, page 12.0.

Exhibit 1, Page 12.0 of the SAC indicates that Reliance is "*the* claims review fiduciary" with "discretionary authority to interpret […] the insurance policy and to determine eligibility for

5

benefits." SAC Exhibit 1, page 12.0 (emphasis added). The singular nature of Reliance's discretionary authority with respect to a benefits determination is further established by the language indicating that Reliance's judgment is "complete, final and binding on all parties." *Id.* Indeed, Plaintiffs themselves state that "[t]he Plan vests discretion in Reliance to make benefit [sic] determination." SAC ¶ 25. From this language, it would seem to foreclose the possibility that an entity other than Reliance had discretionary authority to make claims decisions. Despite this, Plaintiffs allege LKQ had a part in "denial of the Plaintiffs' claim for the full amount of Life Benefits under the Plan." SAC ¶ 28.

LKQ contends that Plaintiffs have failed to allege LKQ had any role in the payment of Plaintiffs' life insurance benefits claim. The pleadings indicate that Reliance was the sole entity with responsibility to pay under the policy. SAC ¶ 18 (explaining that "Reliance paid $200,000.00 in Life Benefits to Plaintiffs as named beneficiaries, but held and continues to withhold $110,000.00"). Plaintiffs' SAC Exhibit 1 contains sections titled "BENEFICIARY AND FACILITY OF PAYMENT," "SETTLEMENT OPTIONS," and "CLAIMS PROVISIONS" which detail the process by which Reliance pays out benefits claims under the policy. SAC Exhibit 1, pages 7.0, 8.0, 12.0. Additionally, SAC Exhibit 1 variously refers to LKQ as the "policyholder" or "applicant," but not as a payor under the policy. *See* SAC Exhibit 1. Based on the pleadings before the Court, Reliance is solely responsible for paying out Plaintiffs' life insurance benefits claim.

The life insurance policy attached to Plaintiffs' SAC vests in Reliance the sole discretionary authority over claims decisions and the policy does not share such authority with LKQ, despite Plaintiffs' vague allegations to the contrary. SAC Exhibit 1, page 12.0, SAC ¶ 28. Additionally, the SAC fails to allege that LKQ is responsible for paying out benefit claims under the policy. On closer inspection of the policy, it indicates that Reliance is solely responsible for paying out Plaintiffs' life insurance benefits claim. SAC ¶ 18, Exhibit 1.

On a motion to dismiss, a district court is not required to accept as true allegations that contradict an exhibit attached to a complaint. *Daniels-Hall*, 629 F.3d at 998. The complaint's implied allegation that LKQ possessed the requisite discretionary authority over claims decisions

and/or had benefit payment responsibility contradicts the life insurance policy Reliance issued to Decedent (attached to Plaintiffs' SAC as Exhibit 1). As such, this Court is not required to accept Plaintiffs' contrary allegations as true. *Id.* On this basis, Plaintiffs have failed to plausibly allege that LKQ had discretionary authority to resolve Plaintiffs' life insurance benefits claim or had the responsibility to pay out a benefits claim under the policy, as required to establish a party is a proper defendant under a section 1132(a)(1)(B) claim. *Cyr*, 642 F.3d at 1206–07. Accordingly, LKQ is not a proper defendant to Plaintiffs' First Claim for Relief and LKQ's motion to dismiss Plaintiffs' First Claim for Relief is GRANTED.

**B. Plaintiffs' Second Claim for Relief – Equitable Relief under 29 U.S.C. § 1132(a)(3)**

LKQ argues Plaintiffs' Second Claim for Relief under 29 U.S.C. § 1132(a)(3) must be dismissed because it is impermissibly duplicative of their First Claim for Relief under section 1132(a)(1). The Court agrees.

Section 1132(a)(3) authorizes a "participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan[.]" 29 U.S.C. § 1132(a)(3). Plaintiffs' Second Claim for Relief seeks $110,000 in unpaid life insurance benefits. Plaintiffs assert theories of equitable estoppel and surcharge under section 1132(a)(3). SAC ¶ 39.

The U.S. Supreme Court has characterized section 1132(a)(3) as a "catchall" provision that offers "appropriate equitable relief for injuries caused by violations that [section 1132(a)] does not elsewhere adequately remedy." *Varity Corp. v. Howe*, 516 U.S. 489, 512 (1996). The *Varity* court held that "where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be appropriate." 516 U.S. at 515 (internal citation and quotation marks omitted).

The Ninth Circuit has held that when plaintiffs claim under section 1132(a)(1)(B) against LKQ or some other similar employer, equitable relief is unavailable under section 1132(a)(3). *Ford v. MCI Comm'ns Corp. Health and Welfare Plan*, 399 F.3d 1076, 1083 (9th Cir. 2005) (holding that "because plaintiff asserted specific claims under 29 U.S.C. §§ 1132(a)(1)(B) and

7

1132(a)(2), she cannot obtain relief under 29 U.S.C. § 1132(a)(3)"), *overruled on other grounds by Cyr v. Reliance Standard Life Ins. Co.*, 642 F.3d 1202 (9th Cir. 2011); *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1475 (9th Cir. 1997) (holding that equitable relief under section 1132(a)(3) "is not appropriate because section 1132(a)(1) provides an adequate remedy in this case"), *overruled on other grounds by Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012). The absence of relief under section 1132(a)(3) remains regardless of whether a "plaintiff is successful on his § 1132(a)(1)(B) claim or not." *Moyle v. Liberty Mut. Ret. Ben. Plan*, 2013 WL 3316898, *13–16 (S.D. Cal. 2013) (dismissing plaintiffs' equity claim under section 1132(a)(3) because relief was available under section 1132(a)(1)(B), despite the fact that on summary judgment, plaintiffs lost their section 1132(a)(1)(B) claim).

Plaintiffs rely on *CIGNA Corp. v. Amara*, 131 S. Ct. 1866 (2011), for the proposition that they are entitled to seek relief under section 1132(a)(3). SAC ¶ 38. This argument is unpersuasive, however, as the *Amara* plaintiffs did not simultaneously allege a section 1132(a)(1)(B) claim and 1132(a)(3) claim. *Amara*, 131 S. Ct. 1866. Thus, the *Amara* court did not consider the issue of whether a section 1132(a)(3) claim is barred when a plaintiff alleges a section 1132(a)(1)(B) claim. *See id.* Indeed, Plaintiffs themselves recognize that under section 1132(a)(3) relief "is permitted when relief is not provided for under another subsection of ERISA." Plaintiffs' Oppo. at 13. By their own admission, Plaintiffs can only assert a claim for equitable relief under section 1132(a)(3) if they did not assert a claim under section 1132(a)(1)(B).

Plaintiffs' allegations are factually similar to *Hoffman v. Am. Soc. for Technion-Israel Inst. of Tech., Inc.*, 2012 WL 3647803 (S.D. Cal. 2012). In *Hoffman*, the decedent's widower filed suit against the decedent's life insurance company to recover unpaid life insurance benefits under section 1132(a)(1)(B). *Id.* Alternatively, he sought to recover the same unpaid life insurance benefits under section 1132(a)(3) by asserting theories of equitable estoppel and surcharge. *Id.* The *Hoffman* court held that *Varity* barred the plaintiff's section 1132(a)(3) claims because relief was available under section 1132(a)(1)(B). *Id.* at *2. Here, Plaintiffs' First Claim for Relief seeks unpaid life insurance benefits under section 1132(a)(1)(B), and in the alternative, their Second Claim for Relief seeks the same unpaid life insurance benefits under section 1132(a)(3) on theories

of equitable estoppel and surcharge. SAC ¶¶ 28, 39.

Based on the precedent found in *Varity*, *Forsyth*, and *Ford*, *supra*, this Court follows the logic of our sister districts, such as *Hoffman*, and reaches the same result – Plaintiffs' claim for relief under section 1132(a)(3) is barred because Plaintiffs assert a duplicative claim under section 1132(a)(1)(B). Accordingly, LKQ's motion to dismiss Plaintiffs' Second Claim for Relief is GRANTED.[1]

## V. LEAVE TO AMEND

The federal rules of civil procedure state leave to amend "shall be freely given when justice so requires," and the Ninth Circuit recognizes that "requests for leave should be granted with extreme liberality." *Moss v. U.S. Secret Service*, 572 F.3d 962, 972 (9th Cir. 2009); Fed. R. Civ. P. 15(a)(2). A denial of leave to amend is reviewed for abuse of discretion. *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008). A district court's dismissal without leave to amend is improper unless it is clear that the complaint could not be saved by any amendment. *Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Leave to amend is proper when a complaint's "deficiencies can be cured with additional allegations that are consistent with the challenged pleading and that *do not contradict* the allegations in the original complaint." *Corinthian Colleges*, 655 F.3d at 995 (internal citation and quotation marks omitted, emphasis added).

Plaintiffs' First Claim for Relief fails on the basis that the allegations made against LKQ in the SAC contradict Exhibit 1, which Plaintiffs declare is a "true and correct copy" of the life insurance policy issued by Reliance to Decedent. SAC ¶ 6. Exhibit 1 indicates that Reliance is the sole party with discretionary authority to resolve Plaintiffs' life insurance benefits claim or pay benefits under the policy. Plaintiffs cannot cure these deficiencies without adding inconsistent allegations. Thus, leave to amend would be improper. *Corinthian Colleges*, 655 F.3d at 995. Accordingly, the Court dismisses Plaintiffs' First Claim against LKQ with PREJUDICE.

Pursuant to *Varity*, Plaintiffs' Second Claim for Relief under section 1132(a)(3) is barred

---

[1] As Plaintiffs' Second Claim for Relief has been dismissed as duplicative, this Court need not address the question of whether LKQ qualifies as an ERISA fiduciary.

9

as duplicative of their First Claim for Relief under section 1132(a)(1)(B). *See Varity Corp.*, 516 U.S. 489. Plaintiffs cannot cure the duplicative nature of this claim through amendment. Accordingly, because Plaintiffs' Second Claim cannot be saved by amendment, the Court dismisses Plaintiffs' Second Claim against LKQ with PREJUDICE.[2]

## VI. ORDER

Accordingly, the Court ORDERS:

1. Defendant LKQ Corporation's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is GRANTED;

2. Plaintiffs' Second Amended Complaint against LKQ is DISMISSED with PREJUDICE; and

3. This case is referred to the Magistrate Judge for a status conference with the remaining Defendant, Reliance Standard Life Insurance Company.

IT IS SO ORDERED.

Dated:   March 3, 2014                                   _____
                                                        SENIOR  DISTRICT  JUDGE

---

[2] Reliance's liability is not before the Court for the current motion.