
**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NICOLE COX, et al.,<br><br>      Plaintiffs,<br><br>    v.<br><br>RELIANCE STANDARD LIFE INSURANCE COMPANY, et al.,<br><br>      Defendants. | Case No.: 1:13-cv-00104 AWI JLT<br><br>FINDINGS AND RECOMMENDATIONS GRANTING PLAINTIFFS' MOTION FOR APPROVAL AND COMPROMISE FOR MINOR PLAINTIFFS<br><br>(Doc. 55) |

Plaintiffs M.E., J.E. and K.C are minors appearing in this proceeding by and through their guardian ad litem, Nicole Cox, who seeks approval of the minor's compromise in this action. (Doc. 55). Defendant filed a statement of non-opposition to the motion. (Doc. 57) For the following reasons, the Court recommends Plaintiff's motion for approval of the settlement be **GRANTED**.

**I.      Factual and Procedural History**

This action was initiated by the minor plaintiffs in the Kern County Superior Court on November 16, 2012 to recover life insurance benefits they contended should have been paid after their father was killed in a vehicle accident. (Doc. 1 at 7; Doc. 16 at 2) In their complaint, Plaintiffs asserted that $110,000 of benefits were still owed based upon their claim that the decedent elected a higher level of coverage in his employer's benefit program. Id. at 4.  The matter was removed to this Court on January 22, 2013 by Reliance Standard Life Insurance Company which was the claims administrator for the employer-sponsored plan through which the decedent was alleged to have

purchased the life insurance policy. (Doc. 1; Doc. 16 at 2)

The second amended complaint, filed on July 17, 2013, also named LKQ Corporation, the decedent's former employer. (Doc. 16 at 2) On September 6, 2013, LKQ filed a motion to dismiss and argued that it was not a proper defendant because it had no discretionary authority over the decision to deny the full benefits at issue. (Doc. 35 at 9. Likewise, it argued that it was not a fiduciary. Id. On March 6, 2014, the Court granted the motion to dismiss with prejudice. (Doc. 44) Notably, the Court found that, as a matter of law, LKQ was not a proper defendant on the grounds urged in the motion. Id. Thus, the case was scheduled by the Court on April 15, 2014 as to the two parties remaining. (Doc. 50)

On May 22, 2014, Plaintiffs engaged in early mediation at which the parties agreed to settle the case. (Doc. 55 at 2; Doc. 56) In full settlement, Defendant Reliance agreed to pay $▆▆▆▆▆ to settle the case with the amount, less fees and cost, shared equally between the Nicole Cox and the three children.

## II.     Settlement Approval Standards

No settlement or compromise of "a claim by or against a minor or incompetent person" is effective unless it is approved by the Court. Local Rule 202(b). The purpose of requiring the Court's approval is to provide an additional level of oversight to ensure that the child's interests are protected. Toward this end, a party seeking approval of the settlement must disclose:

> the age and sex of the minor, the nature of the causes of action to be settled or compromised, the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, the manner in which the compromise amount . . . was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise, and, if a personal injury claim, the nature and extent of the injury with sufficient particularity to inform the Court whether the injury is temporary or permanent.

Local Rule 202(b)(2).

Federal Rule of Civil Procedure 17(c), imposes on the Court the responsibility to safeguard the interests of child-litigants. Robidoux v. Rosengren, 638 F.3d 1177, 1181 (9th Cir. 2011); See Friends for All Children, Inc. v. Lockheed Aircraft Corp., 567 F.Supp. 790, 812-813 (D.D.C.1983. Thus, the Court is obligated to independently investigate the fairness of the settlement even where the parent has

recommended it.  Robidoux, at 1181.  Moreover, rather than focusing on the amount of fees to be awarded, the Court is to evaluate whether the net amount to the child is fair and reasonable "without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel" and "in light of the facts of the case, the minor's specific claim, and recovery in similar cases."  Id. at 1181-1182.  The Court is obligated to consider the child's specific claim and other awards in similar cases to determine whether the settlement amount is reasonable.  Id.

**III.     Discussion and Analysis**

The petition in this case sets forth the information that is required.  The children involved are a 7-year-old girl and 6-year-old and 4-year-old boys.  (Doc. 55 at 3)  Each was a named beneficiary on the insurance policy allegedly issued by Reliance.  (Doc. 16 at 4)  The petition describes the dispute at issue in which Plaintiffs claimed that Reliance failed to pay the full amount of life insurance benefits due and demanded $110,000 plus interest and attorney's fees.  (Doc. 55 at 3-5)

The motion notes the uncertainties attendant to litigation and the risk that the minors would not have prevailed and would have received nothing.  (Doc. 55 at 10)  In addition, the motion notes that settlement at the early mediation session avoids incurring further costs which would impact, ultimately, the amount the children would receive.  Id.

The motion details that out of the settlement proceeds, Plaintiff's counsel will be reimbursed.  Toward this end, counsel reports his name and law firm name and his state bar number and business address are reflected on the caption of the motion.  (Doc. 55 at 1, 7)  Counsel reports that he has incurred costs in the amount of $3,291.14 related to the mediation, for travel, for "delivery and service charges, legal research and other litigation-related costs."  (Doc. 55 at 7) In addition, counsel notes that the contingent fee contract set forth that his firm will receive 40 percent of the remaining proceeds.  Id.  Of this, 30% of the proceeds will be paid to counsel and 10% will be paid to the law firm that referred the matter to counsel.[1]  Id.  The remaining 60% will be divided equally between the three children and Nicole Cox.  Id. at 7-8. Thus, each child will receive $███████.  The motion

---

[1] The motion notes that the original law firm referred the matter out because it lacked expertise in ERISA.  (Doc. 55 at 7)  However, the outcome of LKQ's motion to dismiss seems to belie the belief that there was any real need for any significant experience in ERISA.

3

contends this amount is reasonable in light of the amount at issue—which was $27,500 per child plus interest.

**II.    Analysis**

As noted above, the Court is required to consider the outcome of similar cases to determine whether the sum to settle the children's claims is reasonable.  However, the Court has found few similar cases.[2]  In Anthem Life Ins. Co. v. Olquin, 2008 WL 1366103 at *1-2 (E.D. Cal. Apr. 9, 2008), there were competing claims to the proceeds of an insurance policy in the amount of $50,369.18.  The minor's compromise sought to settle the claims of the child, who was the godson of the deceased.  Id.  The court approved the compromise of $20,866.13 for the child[3] and after fees and costs, agreed the minor would receive $18,366.13.

On the other hand, the Court has considered other cases in which a child sued for the death of a parent.[4]  In de Aguilar v. N. R.R. Passenger Corp. (Amtrak), 2009 WL 1035221 at *3 (E.D. Cal. Apr. 17, 2009) report and recommendation adopted sub nom. Aguilar v. N. R.R. Passenger Corp. (Amtrak), 2009 WL 1311588 (E.D. Cal. May 11, 2009), the court approved the settlement for a 12-year-old after the child's parent had been killed in a vehicle collision with a train.  The total amount of the settlement was $15,000 and, after fees and costs were deducted, the amount attributed to the child was $10,681.23.  Id. However, the settlement required the proceeds to be used to purchase an annuity which would, by the child's 18th birthday, pay him $13,483.97.  Id.

In Estate of Lopez v. Fresno Cmty. Hosp., 2010 WL 502704 at *1-2 (E.D. Cal. Feb. 8, 2010) report and recommendation adopted as modified, 2010 WL 683456 (E.D. Cal. Feb. 23, 2010), the six children sought approval of the minor's compromise after their mother died during childbirth and her baby was stillborn.  The total settlement was $205,000 with each child's share being $22,777.78 and the rest to be paid to their father, the husband of the decedent. Id. at 2.  After costs and fees, the net

---

[2] The Court declines to consider the case cited by Plaintiffs (Doc. 55 at 9), Guerra v. Madera Mgmt. Co., Inc., 2012 WL 4091994 at *1 (E.D. Cal. Sept. 17, 2012) report and recommendation adopted, 1:11-CV-01488-LJO, 2012 WL 4833804 (E.D. Cal. Oct. 10, 2012), given it bears absolutely no factual similarity to the case at hand.
[3] The remainder of the full amount went to the other claimant.
[4] The Court does not find these cases overly persuasive because, unlike here, the value of the loss was not limited to a finite amount.  Here, of course, the total amount the children could hope to receive was no more than the value of the life insurance policy plus interest.  In any event, the Court considers them as evidence of what may constitute a "reasonable amount" compared to the amount to which the parties agreed to settle.

4

1 recovery for each child was $16,601.92. Id.

2 In Cotton ex rel. McClure v. City of Eureka, Cal., 2012 WL 6052519 at *1-2 (N.D. Cal. Dec.
3 5, 2012), the settlement for the child, following the death of her father after an altercation with police
4 officers, was in the amount of $4,000,000. The court approved the minor's compromise and, after
5 awarding fees and costs, the net amount to be received by the child was $2,646,765.90. Id. However,
6 because the settlement required the proceeds to be invested in annuities, the total future payments to
7 be received by the child would be $5,926,754.89.

8 Counsel argues that if the normal hourly rate were applied to this case, the fees would total
9 $85,000 though they fail to detail the number of hours each attorney worked or their activities so the
10 Court could determine the reasonableness of the number of hours worked. (Doc. 55 at 7) Likewise,
11 the motion fails to detail the costs sought. For example, the motion indicates that costs sought to be
12 reimbursed include "legal research and other litigation costs" without explaining exactly what these
13 costs entail. If they are the cost of maintaining a legal research library or the attorney expended costs
14 to conduct legal research, generally, this amount is absorbed in the firm's overhead which is included
15 in the hourly or contingent fee rate. Trustees of Const. Indus. & Laborers Health & Welfare Trust v.
16 Redland Ins. Co., 460 F.3d 1253, 1258-1259 (9th Cir. 2006). Only if properly supported can the Court
17 award these costs. Once this issue was raised by the Court, at the hearing counsel agreed to withdraw
18 the $190 costs attributed to legal research

19 Likewise, the motion failed to detail how the money would be disbursed or how the Court
20 could be assured that the money would be retained for the children's benefit. However, at the hearing
21 Ms Cox assured the Court that the money would be held for each of the children in a blocked account.
22 She welcomed the ability, however, to spend small sums out of the amounts for the children's benefit.
23 In addition, Ms. Cox, reported her understanding that this settlement bound her and the children for all
24 time even if she later learned information that they could have or should have received more money.
25 Moreover, due in large part to a desire to have the matter concluded, Ms. Cox stated her belief that the
26 settlement was fair and reasonable for the children.

27 Thus, based upon the information provided in the motion and the supporting documents, and
28 considering the totality of the facts and circumstances of this case—and most particularly the excellent

result achieved at the mediation—the Court finds the settlement agreement is fair, reasonable, and in the best interests of the child.[5]  Accordingly, the Court recommends the proposed settlement agreement be approved.

**IV.     Findings and Recommendations**

Based upon the foregoing, it is **HEREBY RECOMMENDED**:

1.     That the motion to approve settlement of the minor's claims be **GRANTED**;

2.     That the children, M.E., J.E. and K.C, each SHALL receive $_____ net after payment of attorney's fees and costs herein;

3.     That within 72 hours of receipt of a check payable to Nicole Cox as guardian ad litem for and on behalf of the minor Plaintiffs M.E., J.E. and K.C, Plaintiffs' counsel be required to deposit separate checks from his law firm's trust account in the amount of $_____ each into separate, interest-bearing restricted accounts at a federally-insured bank or credit union located in Kern County, California;

4.     That no withdrawals in excess of $500 may be made from the restricted accounts without a written order under this case name and number, signed by the Court, and bearing the seal of this Court, until the respective Minor Plaintiff attains the age of 18 years.  **As to any amount withdrawn, the sum SHALL be used only for the benefit of the child** and Ms. Cox **SHALL** be required to retain copies of all receipts documenting purchases made using each child's funds as well as documentation detailing why the purchase was made and how it benefitted the child.  Ms. Cox **SHALL** also be required to provide this information to the Court as ordered and to the child upon the child attaining 18 years of age;

5.     That the separate settlement amounts plus interest shall be transferred to each minor Plaintiff when each reaches the age of 18 years or as otherwise ordered by the Court; that when each minor Plaintiff attains the age of 18 years, the respective depository, without further order of this Court, is hereby authorized and directed to pay by cashier's check directly to the former minor

---

[5] Before the Ninth Circuit issued Robidoux v. Rosengren, 638 F.3d 1177 (9th Cir. 2011), the Court would not have been inclined to approve the minor's compromise based upon what appears to be an excessive amount that will be received by counsel.

Plaintiff, upon proper demand and identification, all money and interest deposited pursuant to this Order; and, that the money on deposit not be subject to escheat;

      6.      That Nicole Cox and Plaintiffs' attorney be required to deliver to the federally-insured bank or credit union a complete copy of this Order at the time of deposit;

      7.      That the parties' be required to file with the Court a stipulation for dismissal of the action with prejudice and lodge a separate order no later than ten days after these findings and recommendations are adopted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **July 8, 2014**                **/s/ Jennifer L. Thurston**
                                                       UNITED STATES MAGISTRATE JUDGE